# No. 23-70007

## In the United States Court of Appeals for the Fifth Circuit

DAVID SANTIAGO RENTERIA,

*Petitioner-Appellant*,

v.

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; STATE OF TEXAS,

*Respondents-Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas,
No. 3:23-cr-2080

---

### MOTION FOR STAY OF EXECUTION

---

MICHAEL WISEMAN
Wiseman & Schwartz, LLP
718 Arch Street, Suite 702 North
Philadelphia, PA 19106
215-450-0903
wiseman@wisemanschwartz.com

MAUREEN SCOTT FRANCO
Federal Public Defender
Western District of Texas
TIVON SCHARDL
Chief, Capital Habeas Unit
919 Congress Ave., Suite 950
Austin, Texas 78701
737-207-3008
Tivon_schardl@fd.org

**CAPITAL CASE**
**\*\*EXECUTION SCHEDULED FOR NOV. 16, 2023\*\***

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

*Petitioner-Appellant*

    David Santiago Renteria

*Counsel for Petitioner-Appellant*

    Maureen Franco

    Tivon Schardl

    Michael Wiseman

*Respondent-Appellee*

    Bobby Lumpkin

    State of Texas

*Counsel for Respondent-Appellee*

    Jefferson D. Clendenin

                                    Respectfully submitted,

                                      */s/ Tivon Schardl*
                                      Tivon Schardl
                                      Counsel for Appellant

# ARGUMENT

## I. Governing Law

Section 2283 of Title 28 empowers this Court "to stay proceedings in a State court … in aid of its jurisdiction, or to protect or effectuate its judgments." Similarly, § 1651 expressly gives this Court the power to "issue all writs necessary or appropriate in aid of [its] jurisdiction and agreeable to the usages and principles of law."

Mr. Renteria is scheduled for execution on November 16, 2023. He has filed and briefed an appeal of the district court's order remanding his criminal case to state court. This Court has jurisdiction to hear that appeal. 28 U.S.C. § 1447(d). A stay of execution is warranted to allow for full and fair consideration of Mr. Renteria's pending appeal.

"[A] stay of execution is an equitable remedy." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). In the context of an appeal, a motion for a stay of execution is analyzed according to the following four factors:

(1) whether the applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal citations and quotations omitted); *see also In re Campbell*, 750 F.3d 523, 534 (5th Cir. 2014) (applying *Nken* factors to motion for stay of execution).

## II. Application of the Law to the Facts of this Case

### A. The Equities Support a Stay

On October 18, 2023, David Renteria, a prisoner on Texas's death row, asserted his right to remove pending criminal prosecution against him to federal court under 28 U.S.C. § 1443(1) and § 1455. Mr. Renteria asserted that a new basis for removal had accrued from the Texas Court of Criminal Appeals' (TCCA's) recent ruling that Mr. Renteria's trial court had "'no freewheeling jurisdiction to seek to safeguard Renteria's Fourteenth Amendment Rights.'" ROA.82 (quoting *In re State of Texas ex rel. Hicks*, No. WR-95,092-01 (Tex. Crim. App. Sep. 18, 2023) ("*In re Hicks*")).

The TCCA invalidated the decision of the 327th District Court of El Paso County that no execution date should have been ordered because the "State's disparate treatment of Defendant … prejudiced his ability to investigate potential grounds for relief from the courts and clemency authorities." ROA.32. The trial court was reconsidering its second of two execution orders, both of which were entered in response to the State's motions brought in the same cause of action as the indictment and judgment.

The district court originally accepted the notice of removal on October 20, 2023, by setting the case for a hearing on November 6, pursuant

3

to 28 U.S.C. § 1455(b)(5). ROA.245. Later the same day, it reversed that decision and ordered the case remanded. ROA.273-274. The court denied Mr. Renteria's motion to reconsider on October 31, 2023. ROA.323. Mr. Renteria has timely appealed that decision.

The Equal Protection Clause of the Fourteenth Amendment is "a federal law providing for specific civil rights stated in terms of racial equality." *Williams v. State of Mississippi,* 608 F.2d 1021, 1022 (5th Cir. 1979); *see Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 600 U.S. 181, 202 (2023). Therefore, if Mr. Renteria has been denied *or* cannot enforce rights protected by the Clause, he can remove the criminal case to this Court. 28 U.S.C. § 1443(1). The TCCA held and demonstrated that Mr. Renteria cannot enforce his equal-protection rights in the Texas courts.

The TCCA is the highest state court in Texas with jurisdiction over Mr. Renteria's case. The Texas Constitution provides that the TCCA's "determinations shall be final, in all criminal cases of whatever grade." Tex. Const. art. V, § 5(a). The Texas Constitution gives the TCCA exclusive appellate jurisdiction over "all cases in which the death penalty has been assessed," *id.*, § 5(b). The TCCA has interpreted that provision to give it exclusive jurisdiction over original writs (*e.g.*, writs of prohibition and mandamus) concerning such cases. *See State ex rel. Honorable Court of Appeals for Third Dist.*, 885 S.W.2d 389, 392-96 (Tex. Crim. App. 1994) (en banc). Consequently, the TCCA's holding in this case that the state

4

district court has no "freewheeling jurisdiction to seek to safeguard Renteria's Fourteenth Amendment Rights" constitutes a final and "formal expression of state law," *Williams*, 608 F.2d at 1022, barring Mr. Renteria from enforcing "a right under any law providing for equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

The TCCA's denigration of Mr. Renteria's right to equal protection of the laws as a "freewheeling" pursuit, coupled with the court's refusal to let him enforce his rights in the TCCA, means he has no state forum to go to. In other words, the process the TCCA relied on to conclude that the trial court lacked jurisdiction to enforce Mr. Renteria's rights under the Equal Protection Clause denied him the equal protection of the Texas Rules of Appellate Procedure. Although Rules 72.2 and 52.8(b)(1) expressly required notice that the court deemed the case worthy of submission and an opportunity for either Mr. Renteria or the trial court to respond, the TCCA ignored both rules.

The TCCA's substantive holding on the trial court's lack of jurisdiction, coupled with the TCCA's decision to preclude Mr. Renteria from arguing for his equal civil rights in the TCCA itself, conclusively establish that prerequisites for removal under § 1443(1) exist.

Accordingly, Mr. Renteria sought to remove the state-court proceedings against him to the United States District Court for the Western District of Texas in El Paso pursuant to § 1443(1) and § 1455.

5

After initially finding Mr. Renteria's removal petition facially sufficient and ordering a hearing, ROA.245, the district court abruptly reversed itself and held that Mr. Renteria cannot remove his case because "post-judgment removal . . . is not permitted." ROA.274. The district court relied exclusively upon the following sentence from *State of Ga. v. Rachel*, 384 U.S. 780, 785 (1966): "Congress eliminated post-judgment removal when it enacted … the Revised Statutes in 1874." ROA.273-274. The court was apparently unaware that the statute referenced in *Rachel* was superseded by a law Congress enacted eleven years later.

Mr. Renteria attempted to correct the error by seeking reconsideration. But that resulted in the district court compounding the previous error by interpreting the new law on the basis of excerpts from congressional hearings on the bill. Under the plain terms of the law, however, post-judgment removal is permitted at any time when the criminal proceedings are ongoing.

On reconsideration, the district also added rationales for remand that erroneously conflate distinct terms in the removal act and misconstrue Supreme Court cases authoritatively construing it. It would be inequitable for Mr. Renteria's execution to be carried out in the midst of such judicial fumbling.

### B. Mr. Renteria prevails under the *Nken* factors.
#### 1. Mr. Renteria has made a strong showing that he is likely to succeed on the merits.

Mr. Renteria's opening brief demonstrates that the district court's short opinion is rife with five clear errors of law that cannot survive this Court's de novo review. First, the district court based its remand decision on dicta from a Supreme Court opinion about a statute later superseded by law. Then, rather than acknowledge the error, the district court turned back the clock on Congress's superseding language by finding that "legislative history does not suggest Congress intended" to make the change reflected in the law's text. ROA.330.

"[U]nder our circuit's caselaw, considering legislative history is permissible only if there is ambiguity." *Matter of Glenn*, 900 F.3d 187, 192 n.3 (5th Cir. 2018) (citing *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 492–93 (5th Cir. 2004)). The phrase Congress added to the removal act—"at a later time"—is not ambiguous. At the least, it is not ambiguous if considered together with the act's jurisdictional provision and other procedural provisions. To the extent there is ambiguity in the phrase "at a later time," the phrase "criminal prosecution," in §§ 1443(1) and 1455(b)(3), resolves it in Mr. Renteria's favor. Unlike other convictions, where all that remains after legal proceedings is the passage of time while the sentence runs, a death judgment requires additional criminal prosecution to *effectuate* the sentence given. Tex. Code Crim. P. art. 43.141. In death cases, that is, it is only after the execution that there is nothing left to prosecute.

7

It was during these final criminal proceedings that Mr. Renteria sought to enforce his rights under the Equal Protection Clause of the Fourteenth Amendment. Indeed, it was the arbitrary and disparate treatment Mr. Renteria received in those proceedings that prompted him to seek reconsideration from the trial court, and that compelled the trial court to grant him relief. ROA.186-195; ROA.32; ROA.67-69. It was manifest error for the district court to ignore this reality and resort to unreliable and doctrinally inappropriate means of statutory interpretation.

In addition, in holding that Mr. Renteria could not satisfy the "two-part test for § 1443(1) removal petitions in *Johnson v. Mississippi*, 421 U.S. 213 (1975)," the district court wrongly conflated two phrases in § 1443(1) that the Supreme Court has distinguished: the need to have "a right" and the need for that right to arise "under any law providing for the equal civil rights of citizens."

Ironically, *Rachel*, the case with the dictum the district initially found dispositive, went into great detail explaining the origins of the awkward phrasing. 384 U.S. at 788-89 (explaining that before the phrase "under any law" was added, the act simply referred to rights listed in another section of the Civil Rights Act of 1966).

The district court also erred in holding the fourteenth amendment's equal protection clause is not a law protecting equal civil rights because it is not a statute. ROA.335. Again, the district court conveniently amended the removal act to its liking—it does not require an equal rights

8

"statute." The Equal Protection Clause of the Fourteenth Amendment is "a federal law providing for specific civil rights stated in terms of racial equality." *Williams*, *supra*, 608 F.2d at 1022; *see Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 600 U.S. 181, 202 (2023). Indeed, "[t]he Fourteenth Amendment was in part designed to provide a firm constitutional basis for the Civil Rights Act of 1866, 14 Stat. 27, and to place that legislation beyond the power of congressional repeal." *Bell v. State of Md.*, 378 U.S. 226, 292 (1964).

Finally, the district court erred in holding that a decision of Texas's highest criminal court interpreting the Texas code of criminal procedure is not "a formal expression of state law." This statement is accompanied by no analysis or even a citation to law. It is the definition of conjecture.

The TCCA is the highest state court in Texas with jurisdiction over Mr. Renteria's case. The Texas Constitution provides that the TCCA's "determinations shall be final, in all criminal cases of whatever grade." Tex. Const. art. V, § 5(a). The Texas Constitution gives the TCCA exclusive appellate jurisdiction over "all cases in which the death penalty has been assessed," *id*., § 5(b). The TCCA has interpreted that provision to give it exclusive jurisdiction over original writs (*e.g.*, writs of prohibition and mandamus) concerning such cases. *See State ex rel. Honorable Court of Appeals for Third Dist.*, 885 S.W.2d 389, 392-96 (Tex. Crim. App. 1994) (en banc). Consequently, the TCCA's holding in this case that the state district court has no "freewheeling jurisdiction to seek to safeguard

Renteria's Fourteenth Amendment Rights" constitutes a final and "formal expression of state law," *Williams*, 608 F.2d at 1022, barring Mr. Renteria from enforcing "a right under any law providing for equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

For the foregoing reasons, Mr. Renteria has made a strong showing that he is likely to succeed on the merits.

### 2. Mr. Renteria will be irreparably injured absent a stay.

If the Texas Court of Criminal Appeals denies Mr. Renteria's habeas application and stay motion, Mr. Renteria will suffer irreparable harm absent a stay: he will be executed despite recently uncovered evidence of actual innocence, evidence that he is innocent of the death penalty, and evidence of other constitutional violations that require reversal of the verdict. *See Wainwright v. Booker*, 473 U.S. 935, 935 n.1 (1985) (Powell, J. concurring) (irreparable harm "is necessarily present in capital cases"). Mr. Renteria was never able to present these arguments in federal court.

### 3. A stay will not substantially injure the other parties interested in the proceeding.

Mr. Renteria addressed this equitable consideration in § II.A, *supra*, and fully incorporates the allegations of fact and law by this specific

10

reference. As the trial court found after a hearing at which the State's actions were under scrutiny, the State delayed the trial court proceedings to Mr. Renteria's detriment. ROA.32. But for the State's intentional delay, this Court might not need to consider a stay.

### 4. A stay is in the public interest.

The public has an interest that all constitutional claims, especially those, like this one, that have already been shown to have merit, be heard fully by a court of competent jurisdiction. This Court should take the time to consider this appeal so that the district court can resume proceedings and restore Mr. Renteria to the position he was in before the Court of Criminal Appeals declared his trial court a Constitution-free zone.

## CONCLUSION

For these reasons, Mr. Renteria requests that this Court enter an order staying his execution.

Respectfully submitted,

| | |
|---|---|
| MICHAEL WISEMAN<br>WISEMAN & SCHWARTZ, LLP<br>718 Arch Street, Suite 702 North<br>Philadelphia, PA 19106<br>215-450-0903<br>wiseman@wisemanschwartz.com | MAUREEN FRANCO<br>FEDERAL PUBLIC DEFENDER<br>WESTERN DISTRICT OF TEXAS<br><u>/s/ *Tivon Schardl*</u><br>TIVON SCHARDL<br>Chief, Capital Habeas Unit<br>919 Congress Ave., Suite 950<br>Austin, Texas 78701<br>(737) 207-3008<br>Tivon_schardl@fd.org<br><br>*Counsel for Appellant* |

DATED: November 9, 2023

## CERTIFICATE OF SERVICE

I do hereby certify that on November 9, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon all registered users and counsel of record for Appellee.

Counsel further certifies that (1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ *Tivon Schardl*
Tivon Schardl
Counsel for Appellant

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,275 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14-point Century Schoolbook.

3. This emergency motion complies with this Court's Rules 8.1, 8.5, and 8.10. All relevant attachments covered by Rule 8.1 are in the Record Excerpts. The merits are addressed above, and in the brief already on file. This motion is being filed seven days before Mr. Renteria's scheduled execution date.

                                        */s/ Tivon Schardl*

                                        Tivon Schardl
                                        Dated:  Nov. 9, 2023